Edward D. Dunlop, Respondent, v. George Wilken, Appellant.—Judgment and order affirmed, with costs.—

**87**
**155a**

FOLLETT, J.: This action was begun March 13, 1893, to recover damages for fraudulent representations made upon the sale of personal property. In August, 1892, the defendant was the lessee of real estate situated at Collegeville, Montgomery county, Penn., which was used and occupied by him as a tannery. Who was the owner of the fee does not appear, nor are the terms of the lease disclosed. The defendant was engaged in the business of selling toys at No. 501 Broadway, and the tannery was in charge of John Kiefer. On the 7th of August, 1892, the following advertisement appeared in the New York *Herald:* "Wanted party $8,000 to $15,000; take retiring partner's place; manufacturing; staple as flour; seventy per cent clear profit; address Established, 286 Herald." In the New York *Herald* of August 14, 1892, the following advertisement appeared: "Wanted party with $8,000 to $10,000; established; staple as wheat; protected by high tariff; guarantee seventy-five per cent per year; address Manufacturer, 286 Herald." The plaintiff communicated with the advertiser, and in reply received a letter from John Kiefer of Collegeville, Penn., who referred the plaintiff to George Wilken at No. 501 Broadway. Negotiations ensued between the litigants, which resulted in a sale of the stock on hand, tools, movable fixtures and bills receivable for leather sold, for which the plaintiff paid on that date $5,435.85, and received from the defendant a bill of sale of the property. It is alleged in the complaint that the defendar made false representations in respect to the quality of the leather and skins on hand, in respect to the collectibility of the bills receivable, and also in respect to the profits theretofore derived from the business. On the trial the plaintiff proved that the representations alleged were made; that they were false, and he showed facts from which the jury was authorized to find that the defendant knew they were false. The plaintiff also showed that he relied upon the representations and was injured thereby. The defendant, by his own evidence, denied that he knew that the representations which he made were false, but the jury believed the plaintiff and his witnesses, and we think they were fully justified in so doing. After reading the record we are satisfied that the verdict of the jury is right and is sustained by the evidence. No exception was taken by the de-

fendant to the charge of the court, and no exceptions to the admission or rejection of evidence were argued, and the only questions presented upon this appeal arise upon the defendant's motion for a nonsuit. It is clear that a question of fact was presented and that it would have been error in the trial judge not to have submitted the issues to the jury, and by its verdict the parties are bound. The judgment and order should be affirmed, with costs. Van Brunt, P. J., and Parker, J., concurred.